UNITES STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
LARRY VALDEZ, EDAIL ALIJI and MIGUEL BERRIOS on behalf of themselves and all others similarly situated,

                          Plaintiffs,

    -against-

ERHAN ZEKIROSKI a/k/a ERIC ZEKI, MUZAFER ZEKIROSKI a/k/a MIKE ZEKI, ZEKI ELECTRIC, INC., ZEKI ELECTRICAL MANAGEMENT SERVICES, LLC, and Z & Z ELECTRIC, INC.

                         Defendants.
-------------------------------------------------------------------------------X

**INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT**

Civ. Action No: 18-1931

**Jury Trial Demanded**

Plaintiff Larry Valdez, Edail Aliji, and Miguel Berrios ("Plaintiffs"), on behalf of themselves and all others similarly situated by and through their attorneys, the Marlborough Law Firm, P.C., allege upon personal knowledge as to themselves and their own actions, and upon information and belief as to all other matters, as follows:

## INTRODUCTION

**1.**     This is a civil action brought by Plaintiffs on behalf of themselves and other similarly situated employees, alleging Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and for violations of the New York Labor Law § 650 for unpaid overtime and §§ 663 191(1)(a), 191(3) for unpaid wages. Plaintiffs also bring claims for violations of the wage statement and notification of pay rate provisions of the Wage Theft Prevention Act, NYLL §§ 195(a)(1), (3). Plaintiffs Aliji and Berrios also brings claims against Defendant Erhan Zekiroski and Zeki Electrical Management Services, LLC ("ZEMS") for

retaliation pursuant to New York Labor Law § 215 and 29 USC § 215.

2. Defendants Erhan Zekiroski a/k/a Eric Zeki, Muzafer Zekiroski a/k/a Mike Zeki, Zeki Electric, Inc. ("ZEKI"), ZEMS and Z & Z Electric, Inc. ("Z & Z") engaged in a scheme to violate worker protection laws by requiring Plaintiffs and other similarly situated workers to work overtime hours without paying time and a half for overtime and by systematically shaving time from their time records. Defendants also covered up their illegal conduct by failing to issue accurate wage statements or any notifications of pay rate pursuant to the Wage Theft Prevention Act.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

4. This Court has supplemental jurisdiction of the claims arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiffs Valdez's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants have conducted business through their employees, including Plaintiffs, collective and class members, within this judicial district.

## PARTIES

6. Plaintiff Larry Valdez was an hourly employee from April 2015 until late November 2015. He worked as an electrician on electrical installation and service projects in

New York.

7. Plaintiff Miguel Berrios was an hourly employee of Defendants between approximately late 2014 and late 2015.  He worked as an electrician on electrical installation and service projects in New York and worked on various electrical installation and service projects for both ZEKI and ZEMS in New York.

8. Plaintiff Edail Aliji was an hourly employee of Defendants for three weeks in November 2012 and from February 2013 until August 2015 and worked on various electrical installation and service projects for both ZEKI and ZEMS in New York.

9. Defendant Z & Z Electric, Inc. is a New York corporation with its business address listed at 2380 Hughes Avenue, Bronx, New York 10458.

10. Defendant Zeki Electric, Inc. is a New Jersey corporation which conducts a substantial amount of business in New York.  Its offices are located at 225 U.S. Highway 46, Totowa, New Jersey.

11. Defendant Zeki Electrical Management Services, Inc. is a New Jersey corporation which conducts a substantial amount of business in New York.  Its offices are located at 225 U.S. Highway 46, Totowa, New Jersey.

12. During the relevant period, ZEKI, ZEMS and Z & Z were operated as a single enterprise by Defendants Eric and Mike Zeki and continue to be operated as a single enterprise (the "ZEKI Enterprise").  ZEKI, ZEMS and Z & Z are under common control.  ZEKI and ZEMS share a common website located at www.zemservices.com and share a business address and common office space at that address. ZEKI and ZEMS shared work materials and work vehicles. On certain projects, workers were required to wear T-shirts identifying themselves as working

with ZEKI and on other projects they were required to wear polo shirts identifying themselves as working with ZEMS.

13. Each of the Defendants was a joint employer of Plaintiffs and other similarly situated non-exempt employees. ZEKI, ZEMS and Z & Z acted directly and indirectly in each others' interest. ZEKI, ZEMS and Z&Z were not completely disassociated with respect to the employment of their workers. ZEKI and ZEMS shared employees.

14. Defendant Muzafer Zekiroski a/k/a Mike Zeki is the principal owner and President of ZEKI and Z & Z. He was responsible for setting pay rates for employees in the ZEKI Enterprise and their hiring, firing and management.

15. Defendant Erhan Zekiroski. a/k/a Eric Zeki was operations manager for ZEKI, principal owner of ZEMS and President of ZEMS. He was responsible for setting pay rates for employees in the ZEKI Enterprise and their hiring, firing and management.

16. During the period in which Plaintiffs were employed, Defendants Mike Zeki and Eric were in active control and management of the ZEKI Enterprise regulated the employment of persons employed by the ZEKI Enterprise, acted directly and indirectly in the interest of the ZEKI Enterprise in relation to the employees, and were thus employers of Plaintiffs and the collective under the Fair Labor Standards Act and the New York Labor Law.

## FACTS

17. During the relevant period, Defendants Eric and Mike Zeki operated an electrical construction services business through Defendants ZEKI, ZEMS and Z & Z. The ZEMS website states, "ZEMS offers integrated electrical project management capabilities that span all segments of the electrical construction industry." While the website touts ZEMS' "25 years of experience,

the company was only formed in 2013." Only ZEKI has been in operation for that long. The three companies do business from the ZEKI/ZEMS office in New Jersey (the "Office").

18. Plaintiff Valdez worked almost exclusively on New York-based electrical installation and service projects. He was responsible for installing electrical wiring on new residential and commercial construction projects. He worked on numerous projects and worked a substantial amount of time on a single project based in King's Point, New York (the "King's Point Project").

19. Plaintiff Berrios worked almost exclusively on New York-based electrical installation and service projects. He was responsible for installing electrical wiring on new residential and commercial construction projects. He worked on numerous projects including the King's Point Project and a Starbucks coffee shop project.

20. Plaintiff Aliji worked almost exclusively on New York-based projects. He was responsible for installing electrical wiring on new residential and commercial construction projects among other duties. He worked on numerous projects in New York including the King's Point Project and projects at GameStop, Starbucks, Party City, Walgreens, Duane Reade, and GNC retail store locations.

21. Defendants maintained a time clock at the King's Point worksite and other worksites, but they did not permit workers to clock in for several hours after their workday commenced.

22. Instead, Plaintiffs were required to start their day at the Office (and later another location) which contained no time clock. Before arriving at the worksites, Plaintiffs and other workers were required to stop at an electrical supply stores near the Office and obtain supplies

for the work that day.

23. Moreover, Plaintiffs were required to punch out at the King's Point worksite, before being brought back to the Office. Once arriving back at the Office, Plaintiff Aliji was required to make phone calls and perform other work for Defendants. Moreover, Plaintiffs Valdez, Berrios and other workers were often required to unload supplies from the work vehicle or organize materials after they arrived back at the Office.

24. In addition, Defendants maintained a policy and practice of shaving time from Plaintiffs and other workers' time records. Thus, Defendants unilaterally cut the time indicated on the worker time records, depriving them of several hours of pay each week.

25. Defendants' off-the-clock work requirements and time shaving practices were consistent on all of their work projects.

26. Throughout their employment, Plaintiffs Valdez, Berrios and other similarly situated employees typically worked approximately fifty-seven or more hours per week.

27. Because Plaintiff Aliji was required to work many weekend days and arrive earlier and leave later than other employees on weekdays, he typically worked more than seventy hours per week.

28. Plaintiffs and other similarly situated employees never received notifications of pay rate indicating their regular and overtime rates of pay, and other information required by New York's Wage Theft Prevention Act, NYLL § 195(1)(a).

29. Defendants fraudulently misclassified Plaintiff Aliji as an independent contractor rather than an employee. In some instances, he was paid on a 1099 and in other instances he was treated as a W-2 employee. As a result of this misclassification, Plaintiff Aliji incurred

substantial losses.

30. Plaintiffs and other similarly situated employees were not furnished with accurate wage statements required by New York's Wage Theft Prevention Act, NYLL § 195(3). Indeed, the wage statements always included fraudulent information about the number of hours worked by Plaintiffs and other similarly situated workers. Moreover, Plaintiff Aliji received no wage statements at all during the period in which he was misclassified by Defendants as an independent contractor.

31. Defendants' time shaving and off the clock practices and concomitant failure to pay overtime premium pay and pay for all hours worked, were willful and committed in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiffs bring their claims under the FLSA as an "opt-in" collective action on behalf of similarly situated employees of Defendants pursuant to 20 U.S.C. 216(b). The "Collective" is defined as follows:

> All current and former non-exempt employees who will, are, or have worked for ZEKI, ZEMS and or Z & Z within three years from the commencement of this action and who have not been paid one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

33. Plaintiffs on behalf of themselves and the Collective, seek relief on a collective basis challenging Defendants' failure to pay them for overtime hours worked.

34. The total number of Collective members is unknown at this time, but it is not less than twelve.

35. The identities of the Collective members may be determined from the records of Defendants, and the Collective members may easily and quickly be notified of the pendency of

this action.

36. Plaintiffs are similarly situated to other members of the Collective because they and the Collective have been unlawfully denied payment of overtime pay due to them.

37. Plaintiffs' experiences are typical of the experiences of the other Collective members.

38. Defendants' failure to pay overtime wages at the rates required by the FLSA results from generally applicable policies and practices, including time shaving and requiring workers to work off the clock.  This policy and practice does not depend on the personal circumstances of any individual members of the Collective.

## AS AND FOR THE FIRST CLAIM FOR RELIEF
## (FLSA - OVERTIME)

39. Plaintiffs brings this claim on behalf of themselves and the Collective.

40. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

41. Defendants are engaged in interstate commerce as the Zeki Enterprise and each of the corporations comprising it, receive goods which have moved in interstate commerce and receive more than $500,000 in annual revenue.

42. Defendants have failed to pay Plaintiffs and members of the Collective Class for all hours worked in excess of forty hours in a workweek, in violation of the FLSA.

43. Such violation was part of Defendants' regular business practice and constituted a pattern, practice, and/or policy.

44. Defendants' conduct was willful, intentional, and/or not in good faith as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide

notifications of pay rate and accurate wage statements.

## AS AND FOR THE SECOND CLAIM FOR RELIEF
### (NYLL - Overtime)

45. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

46. Defendants have failed to pay Plaintiffs for all hours worked in excess of forty hours in a workweek in violation of the NYLL.

47. Defendants' conduct was willful, intentional, and/or not in good faith as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide notifications of pay rate and proper wage statements.

## AS AND FOR THE THIRD CLAIM FOR RELIEF
### (NYLL - Unpaid Wages)

48. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

49. NYLL 663(1) provides in part, "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled . . . he or she shall recover in a civil action the amount of any such underpayments . . ."

50. Similarly, NYLL §§ 191(1)(a), 191(3) provides for the prompt payment of all wages owed.

51. Defendants have failed to pay Plaintiffs for all hours worked in violation of the NYLL.

52. Defendants' conduct was willful, intentional, and/or not in good faith as evidenced by, among other things, Defendants' efforts to conceal their illegal practices by failing to provide

proper wage statements, and notifications of pay rate.

## AS AND FOR THE FOURTH CLAIM FOR RELIEF
### (NYLL –Wage Statements)

53. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

54. At all relevant times, Defendants were responsible for providing Plaintiffs with the proper statements with every payment of wages, as required by NYLL § 195.

55. At all relevant times, Defendants failed to provide Plaintiffs with the proper statements with every payment of wages, as required by NYLL § 195.

56. Plaintiffs and are each entitled to liquidated damages up to a maximum of $5,000.00, along with all reasonable attorney fees and costs.

## AS AND FOR THE FIFTH CLAIM FOR RELIEF
### (NYLL -Notifications of Pay Rate)

57. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

58. Plaintiffs bring this claim on behalf of themselves and the Discount Workers Class.

59. Defendants were responsible for providing Plaintiffs with notifications of pay rate at the commencement of their employment pursuant to NYLL § 195(1).

60. Between 2012 and 2014, Defendants were responsible for their employees with annual notifications of pay rate their employment pursuant to NYLL § 195(1) and the Wage Theft Prevention Act.

61. Defendants failed to provide Plaintiffs with notifications of pay rate at the

commencement of their employment or annually pursuant to NYLL § 195(1) and the Wage Theft Prevention Act.

62. Plaintiffs are each entitled to liquidated damages in the amount of $5,000.00, along with all reasonable attorney fees and costs.

### AS AND FOR THE FIFTH CLAIM FOR RELIEF
### 29 U.S.C. § 215 Retaliation)

63. Plaintiffs Valdez and Aliji bring this claim on behalf of themselves against Defendants ZEMS and Eric Zekiroski.

64. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

65. On March 26, 2018, Plaintiffs through their counsel, sent a letter to Defendants providing pre-suit notice of the potential filing of this lawsuit. The letter was marked **PERSONAL & CONFIDENTIAL** both on the envelope and in the header of the letter itself.

66. On March 29, 2018, Defendant ZEMS and Eric Zeki's counsel left a voice mail message including a thinly veiled threat of filing a claim for defamation against Plaintiffs and their counsel for issuing the pre-suit notice letter.

67. ZEMS and Eric Zeki's behavior towards Plaintiffs constitutes discrimination in violation of Section 215 of the FLSA.

### AS AND FOR THE SIXTH CLAIM FOR RELIEF
### (NYLL § 215 Retaliation)

68. Plaintiffs brings this claim on behalf of himself.

69. On March 26, 2018, Plaintiffs through their counsel, sent a letter to Defendants providing pre-suit notice of the potential filing of this lawsuit. The letter was marked

**PERSONAL & CONFIDENTIAL** both on the envelope and in the header of the letter itself.

70. On March 29, 2018, Defendant ZEMS and Eric Zeki's counsel left a voice mail message including a thinly veiled threat of filing a claim for defamation against Plaintiffs and their counsel as a result of the pre-suit notification letter.

71. ZEMS and Eric Zeki's behavior towards Plaintiffs constitute discrimination in violation of Section 215 of the NYLL.

72. Plaintiffs are entitled to all appropriate relief, including, but not limited to a penalty of up to $20,000 and reasonable attorneys' fees.

**WHEREFORE**, Plaintiffs individually and on behalf of all others similarly situated, respectfully request that this Court issue Orders:

A. conditionally certifying the action as a Collective Action and authorizing the form and method of notice to be issued to the members of the Collective;

B. issuing a judgment for Plaintiffs and other similarly situated workers for all statutory, compensatory, consequential and liquidated damages or any other damages authorized by law or equity sustained because of Defendants' unlawful conduct for which Defendants are jointly and severally liable, as well as pre-judgment and post-judgment interest;

C. awarding Plaintiffs, their counsel and members of the Collective their reasonable attorneys' fees, costs and expenses incurred in this litigation.

D. enjoining Defendants from continuing the conduct alleged herein; and

E. all other relief which the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiffs seeks a trial by jury of all issues so triable in this action.

| | |
|---|---|
| Dated: Melville, New York<br>March 29, 2018 | **THE MARLBOROUGH LAW FIRM, P.C.**<br><br>_____<br>Christopher Marlborough<br>445 Broad Hollow Road, Suite 400<br>Melville, New York 11563<br>T: (212) 991-8960<br>F: (212) 991-8952<br>chris@marlboroughlawfirm.com |